

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

August 9, 2005

The Honorable William E. Parham
Waller County Criminal District Attorney
836 Austin Street, Suite 103
Hempstead, Texas 77445

Opinion No. GA-0345

Re: Authority of a county to accept a private road into its county road system under either Local Government Code section 81.032 or Transportation Code section 252.214 (RQ-0316-GA)

Dear Mr. Parham:

You inform us that several landowners in a private subdivision have approached the Waller County Commissioners Court with questions about the county's authority to accept a private road, Lynnwood Lane ("Lynnwood"), into the Waller County road system.[1] Specifically, you tell us that the landowners have agreed to grant Waller County an easement over, or a gift deed to, Lynnwood and would furnish all the materials necessary to upgrade its condition. *See* Request Letter, *supra* note 1, at 2. In response to the landowners' proposition, you ask if either Local Government Code section 81.032 or Transportation Code section 252.214 authorizes the commissioners court to accept the interest in Lynnwood along with the materials the landowners have offered to refurbish it as an alternative to the procedures outlined in the Transportation Code that apply to counties and their authority to bring private roads into the county road system. *See id.*

You have identified two relevant chapters from the Transportation Code. The first, Transportation Code chapter 281, governs a commissioners court's authority to acquire a public interest in a private road in counties with populations of less than 50,000 people, *see* TEX. TRANSP. CODE ANN. §§ 281.001, .002 (Vernon 1999), which is the case for Waller County.[2] According to this chapter, a county may acquire a public interest in a private road *only by* purchase, condemnation, express dedication, or a court's final judgment of adverse possession. *See id.* § 281.002. Here, the landowners wish to donate an interest in the private road to the county by gift deed or easement. *See* Request Letter, *supra* note 1, at 2. Under chapter 281 such a donation is accomplished by dedication, which is "an explicit voluntary grant of the use of a private road for public purposes . . .

---

[1]*See* Letter from Honorable William E. Parham, Waller County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Feb. 7, 2005) (on file with Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

[2]*See* BUREAU OF CENSUS, U.S. DEPT. OF COMMERCE, 2000 CENSUS OF POPULATION, *available at* http://quickfacts.census.gov/qfd/states/48/48473.html (Waller County population: 34,579).

[that] must be communicated in writing to the commissioners court of the county in which the real property is located." TEX. TRANSP. CODE ANN. § 281.003(a) (Vernon 1999). However, "an oral dedication or intent to dedicate by overt act is not sufficient to establish a public interest in a private road under this chapter." *Id.* § 281.003(b). And "[a] dedication is a mere offer; the commissioners court must accept it for the street or road to become a county road." Tex. Att'y Gen. Op. No. GA-0139 (2004) at 4.

The second chapter, Transportation Code chapter 253, applies generally to counties and governs a commissioners court's authority to improve private subdivision roads. *See generally* TEX. TRANSP. CODE ANN. §§ 253.001-.011 (Vernon 1999 & Supp. 2004-05).[3] Specifically, it permits a commissioners court to improve a private subdivision road to comply with county standards if the court determines that the improvement[4] is necessary for the county residents' public health, safety, or welfare and to assess the cost of the improvement against the subdivision's record owners, *see id.* § 253.003 (Vernon Supp. 2004-05). But the commissioners court must hold a public hearing on the issue and obtain approval of a majority vote of the landowners in the subdivision. *See id.* §§ 253.005-.007 (Vernon 1999 & Supp. 2004-05). A road improved this way is a county road that the county is required to maintain according to county road standards. *See id.* § 253.011 (Vernon 1999).

You ask about two provisions that authorize commissioners courts to accept donations. Local Government Code section 81.032 permits a commissioners court to "accept a gift, grant, donation, bequest, or devise of money or other property on behalf of the county for the purpose of performing a function conferred by law on the county or a county officer." TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2004-05). Similar in design, Transportation Code section 252.214 permits a commissioners court that has adopted the chapter 252 county road superintendent system[5] to "accept donations of labor, money, or other property to aid in building or maintaining roads in the county." TEX. TRANSP. CODE ANN. § 252.214 (Vernon 1999).

You suggest that these provisions operate as alternative means of bringing a private road into the county road system:

> As the county has the right to acquire a public interest in a private
> road, and has the right to accept gifts or donations to aid in building
> or maintaining roads (a function allowed the county), it appears that
> the commissioners' court may accept the easement or deed along with

---

[3]Chapters 253 and 281 are cumulative such that a county with a population of 50,000 or less may bring a road into the county road system under either section 253.011 or 281.002. *See* Tex. Att'y Gen. Op. No. GA-0139 (2004) at 7.

[4]"Improvement" is defined in the chapter as "construction or repair." TEX. TRANSP. CODE ANN. § 253.002 (Vernon 1999).

[5]We assume that by your reference to section 252.214, *see* Request Letter, *supra* note 1, at 3, Waller County has adopted the chapter 252, subchapter C road superintendent system such that section 252.214 would apply.

the materials and accept Lynnwood Lane into the Waller County road
maintenance system.

Request Letter, *supra* note 1, at 3.

This office has previously established that neither Transportation Code section 252.214 nor Local Government Code section 81.032 authorizes a commissioners court to accept a donation for purposes inconsistent with the state constitution or laws. *See* Tex. Att'y Gen. Op. Nos. JC-0073 (1999) at 2-3 (establishing this for section 252.214); JC-0443 (2001) at 2-3 (establishing this for section 81.032). And though Texas Constitution article III, section 52f permits a county with a population of 5,000 or less to construct and maintain private roads if it imposes a reasonable charge for the work,[6] counties with populations that exceed 5,000, like Waller County, are not constitutionally or statutorily authorized to construct or maintain private roads. *See* Tex. Att'y Gen. Op. No. JC-0503 (2002) at 2. Thus, these two provisions do not authorize the Waller County Commissioners Court to accept donations for maintaining a private road. Moreover, Transportation Code chapters 253 and 281 operate as the exclusive statutory authority by which Waller County may bring a private road, like Lynnwood, into its county road system. The Waller County Commissioners Court may accept donations for maintaining a road under Transportation Code section 252.214 or Local Government Code section 81.032 only after the road has become a part of the county road system either through a donation of the private road by dedication under Transportation Code chapter 281 or after the county improves the private road under Transportation Code chapter 253.

---

[6]*See* TEX. CONST. art. III, § 52f.

## S U M M A R Y

The Waller County Commissioners Court must follow the procedures outlined in Transportation Code chapter 253 or 281 to bring a private road located in Waller County into its county road system before it can accept donations for maintaining that road under Local Government Code section 81.032 or Transportation Code section 252.214.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee